NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3902
_____

UNITED STATES OF AMERICA,

Appellee,

v.

PETER EVERETT,
a/k/a
Hailey,

Appellant.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Number: 07-cr-00340)
District Judge: Honorable Edwin M. Kosik

_____

Submitted Under Third Circuit LAR 34.1(a)
April 15, 2010

Before: SLOVITER and HARDIMAN, *Circuit Judges*
and POLLAK,[*] *District Judge*

(Filed: April 16, 2010)

_____

[*]The Honorable Louis H. Pollak, Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

———————

OPINION OF THE COURT

———————

HARDIMAN, *Circuit Judge*.

Peter Everett challenges the reasonableness of his sentence and the District Court's denial of his motion for a mitigation specialist. We will affirm.

**I.**

Because we write for the parties, we recount only the essential facts. In September 2007, Peter Everett and nineteen others were indicted for conspiracy to distribute in excess of one kilogram of heroin in violation of 21 U.S.C. § 846. Everett also was charged with possession with intent to distribute and distribution of heroin in violation of 21 U.S.C. § 841(a)(1). In April 2009, Everett pleaded guilty to the conspiracy charge and the Government agreed to drop the other charges.

The Presentence Investigation Report (PSR) found that Everett's base offense level was 26. It recommended downward departures of two-levels for meeting the safety valve requirements pursuant to § 2D1.1(b)(11) of the Sentencing Guidelines and three-levels for acceptance of responsibility under § 3E1.1(a) and (b), for a total offense level of 21. In August 2009, after reviewing the PSR, Everett's counsel filed a motion to employ a mitigation specialist to assist with sentencing preparation. The District Court summarily dismissed the motion because the case was not unusual.

The Government moved for, and the District Court granted, an additional two-level downward departure for substantial assistance pursuant to USSG § 5K1.1. In the final analysis, Everett's offense level was 19 and his criminal history category was I, leading to an advisory Guidelines imprisonment range of 30-37 months. The District Court sentenced Everett to 30 months imprisonment, three years supervised release and a $100 special assessment. Everett timely appealed.[1]

## II.

Everett raises several challenges to his sentence. First, he claims the District Court committed procedural error by ignoring his history and characteristics. Specifically, Everett's counsel and witnesses told the District Court that: this was his first offense, he made a mistake, he now had a family, he was gainfully employed, and he would not commit another crime. The District Court responded that it would "take into account the very things that [Everett's counsel] addressed" but noted that all twenty co-defendants have families. JA 32-33. Near the end of its analysis, the District Court also explained that although it disagreed with Everett's family members' pleas for minimal jail time, it was doing so in good faith. The District Court was not required to say more. *See United States v. Rita*, 551 U.S. 338, 356-57 (2007)*; United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Everett next claims the District Court ignored the § 3553(a)(6) requirement to avoid sentencing disparities because it contrasted his conduct with others who were sentenced for dissimilar conduct in the case, instead of comparing him to others who were sentenced for the same conduct. *See* 18 U.S.C. § 3553(a)(6) (requiring a sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who had been found guilty of similar conduct"). At one point, the District Court compared all twenty co-defendants based on their relative levels of culpability and their family ties. The District Court also compared Everett to the most analogous co-defendant—Daniel Torres. Torres had a lower base Guidelines range but substantially similar participation in the conspiracy and also received a two-level downward departure for substantial assistance. Because of their similarities, the District Court deemed it just to sentence Everett to the same amount of prison time as Torres—30 months. This was not an abuse of discretion.

Although we have stated that § 3553(a)(6) promotes a concern for "national uniformity in sentencing rather than uniformity among co-defendants in the same case," we also noted that it "does not prohibit" a sentencing court from considering sentencing disparities among co-defendants. *United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006). Here, the District Court considered co-defendant disparities based on permissible factors, including: family connections, extent of cooperation with authorities and culpability in the criminal conspiracy. *See id.* (allowing co-defendant comparisons as

4

long as the "factors considered by the sentencing court are not inconsistent with those listed in § 3553(a) and are logically applied to the defendant's circumstances"). The District Court even agreed with Everett that § 3553(a) does not mandate parity among co-defendants, but explained that "the object of the sentencing guidelines [is] to ensure as much parity in sentencing as possible." JA 37.

Finally, Everett claims the District Court treated the Guidelines as mandatory. We find no support in the record for this assertion. The District Court sentenced Everett to 30 months based on its sense of fairness and parity. At sentencing, the District Court imposed a within-Guidelines sentence after it heard Everett's counsel state that the Guidelines were advisory (JA 37) and heard the prosecutor's argument that a within-Guidelines sentence would be reasonable (JA 34-36). The District Court's comment on the Guidelines' purpose—to increase the sense of justice in federal sentencing by having all federal courts across the country consider the same sentencing factors, including the amount of drugs attributable to a defendant—does not suggest, much less establish, that the District Court was laboring under a misapprehension that the Guidelines are still mandatory years after the Supreme Court's landmark decision in *United States v. Booker*, 543 U.S. 220 (2005).

For the foregoing reasons, the District Court did not err in sentencing Everett.

**III.**

Everett also contends the District Court erred in denying him a mitigation specialist. Because he was "safety-valve eligible" under 18 U.S.C. § 3553(f) and had unique circumstances, Everett insists he needed a mitigation specialist to present his case in the most persuasive light.

Everett was not entitled to a mitigation specialist, however, because he did not demonstrate that the specialist was "necessary." 18 U.S.C. § 3006A(e). "The decision to grant or deny a motion [for expenses to hire a mitigation specialist] is one committed to the discretion of the district court, and a district court's decision will be disturbed on appeal only if it constitutes an abuse of discretion." *United States v. Roman*, 121 F.3d 136, 143 (3d Cir. 1997). The only arguments presented below for necessity were to ensure (1) compliance with the stated purpose of the "safety valve" provision and (2) assistance from an expert in matters related to § 3553(a). As the District Court explained in its order denying the motion, those two aspects show "nothing unusual about this case to warrant granting the motion." This finding was not an abuse of the District Court's discretion.

**IV.**

For the foregoing reasons, we will affirm the judgment of the District Court.